CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION No. 795 ET AL. *v.* YELLOW TRANSIT FREIGHT LINES, INC., ET AL.

No. 13.   Argued October 11, 1961.—Decided June 25, 1962.

*David Previant* argued the çause and filed briefs for petitioners.

*Malcolm Miller* argued the cause for respondents. With him on the briefs were *Charles Blackmar, Carl T. Smith* and *John F. Eberhardt.*

*J. Albert Woll, Theodore J. St. Antoine* and *Thomas E. Harris* filed a brief for the American Federation of Labor and Congress of Industrial Organizations, as *amicus curiae,* urging reversal.

PER CURIAM.

Reversed. *Sinclair Rfg. Co.* v. *Atkinson, ante,* p. 195.

MR. JUSTICE FRANKFURTER took no part in the decision of this case.

MR. JUSTICE WHITE took no part in the consideration or decision of this case.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE HARLAN join, concurring.

Since it is clear that the collective bargaining agreement involved in this case does not bind either party to

arbitrate any dispute, I agree that no injunction should be granted.* See *Sinclair Rfg. Co.* v. *Atkinson, ante,* p. 215 (dissenting opinion).

---

*The grievance machinery emphasizes voluntary settlements through negotiations between employer and union representatives. Settlement is first to be attempted between the employer and the local union involved and, failing adjustment, negotiated settlement is to be attempted by a joint state committee consisting of equal numbers of employer and union representatives. If a majority of that committee "settles a dispute," "[s]uch a decision will be final and binding on both parties." If a joint state committee fails to settle a dispute, a negotiated settlement is then to be attempted by a joint area committee consisting of equal numbers of employer and union representatives duly elected by the various joint state committees. This is the last stage unless there is agreement at that point to submit unsettled disputes to arbitration. Obviously, either employer or union representatives are free to prevent arbitration.. For the contract provisions are:

"(d) Deadlocked cases may be submitted to umpire handling if a majority of the Joint Area Committee determines to submit such matter to an umpire for decision. Otherwise either party shall be permitted all legal or economic recourse.

.          .          .          .          .

"(f) In the event of strikes, work-stoppages or other activities which are permitted in case of deadlock, default, or failure to comply with majority decisions, no interpretation of this Agreement by any tribunal shall be binding upon the Union or affect the legality or lawfulness of the strike unless the Union stipulates to be bound by such interpretation, it being the intention of the parties to resolve all questions of interpretation by mutual agreement. Nothing herein shall prevent legal proceedings by the Employer where the strike is in violation of this Agreement."